## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL BERING AND MARY ANN BERING** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-57** |
| **AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY** | **SECTION: "S" (2)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant, American National Property and Casualty Company (Doc. #18) is **GRANTED**, and plaintiffs' claim against it is **DISMISSED WITH PREJUDICE**.

### BACKGROUND

This matter is before the court on a motion for summary judgment filed by American National Property and Casualty Company ("ANPAC"), in its capacity as a Write-Your-Own ("WYO") insurance carrier participating in the Federal Emergency Management Agency's ("FEMA") National Flood Insurance Program ("NFIP"). ANPAC argues that it is entitled to summary judgment on plaintiffs' claim for a supplemental payment under their flood insurance policy because plaintiffs did not submit a timely proof of loss supporting the supplemental claim.

Plaintiffs, Michael and Mary Ann Bering, own a home in LaPlace, Louisiana that sustained flood damage on August 29, 2012, as a result of Hurricane Isaac. At the time of the loss, the property was covered by a flood insurance policy issued by ANPAC that had the effective period of January 25, 2012 to January 25, 2013, provided building coverage of $60,000, with a $1,000 deductible, and bore policy number 87047491892012. The policy did not provide contents coverage. The property was also covered by a homeowner's insurance policy issued by Geovera Specialty Insurance.

On September 3, 2012, an independent adjustor from Sweet Claims Service inspected plaintiffs' property on ANPAC's behalf. On September 5, 2012, ANPAC sent plaintiffs a $5,000 advance for the building damage losses. Thereafter, the Sweet Claims adjustor prepared a building repair estimate that totaled $39,216.83, after subtracting the deductible, and prepared a corresponding proof of loss for plaintiffs to sign and submit to ANPAC. Plaintiffs signed the proof of loss on November 10, 2012, and submitted it to ANPAC. ANPAC paid the clam in full.

On January 10, 2014, plaintiffs filed this action against ANPAC seeking additional payment under their flood insurance policy. During discovery, they produced a proof of loss signed by Michael Bering on October 23, 2012, which stated that the insurer was Geovera Specialty Insurance, the policy was effective from September 25, 2011 to September 25, 2012, the policy number was FL90001800, and that the policy provided $106,220.45 in building coverage and $77,248.61 in contents coverage. The October 23, 2012, proof of loss sought payment in the amount of $162,502.15, after the subtraction of a $2,620 deductible. Plaintiffs claimed that this proof of loss was submitted to ANPAC to support a claim for supplemental payment under their flood insurance policy. ANPAC claims that it never received the October 23, 2012, proof of loss, which does not properly state a claim under the ANPAC policy because it lists the wrong insurer, policy effective dates, policy number, amount of coverage and deductible. ANPAC filed a motion for summary judgment arguing that plaintiffs' claim for additional payments under their flood insurance policy must be dismissed because they failed to comply with the proof of loss requirement in seeking a supplemental payment.

**ANALYSIS**

**A.      Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the

non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to

judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir.

1991); FED. R. CIV. PROC. 56(c).  If the moving party meets the initial burden of establishing that

there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the

existence of a genuine issue for trial.  Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The

non-movant cannot satisfy the summary judgment burden with conclusory allegations,

unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069,

1075 (5th Cir. 1994) (en banc).  If the opposing party bears the burden of proof at trial, the moving

party does not have to submit evidentiary documents to properly support its motion, but need only

point out the absence of evidence supporting the essential elements of the opposing party's case.

Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.      ANPAC's Motion for Summary Judgment**

ANPAC argues that it is entitled to summary judgment on plaintiffs' claim under the flood

insurance policy because plaintiffs failed to comply with the proof of loss requirement regarding

their supplemental flood insurance claim.

The NFIP was established by the National Flood Insurance Act, 42 U.S.C. §§ 4001-4129

(2006), and is administered through the FEMA.  Wright v. Allstate Ins. Co. (Wright I), 415 F.3d

384, 386 (5th Cir.2005).  FEMA sets the terms and conditions of all federal flood insurance policies,

and those polices must be issued in the form of a Standard Flood Insurance Policy ("SFIP").  44

C.F.R. § 61.4(b); Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir.1998). SFIP provisions cannot "be altered, varied, or waived other than by the express written consent of the [Federal Insurance] Administrator" and must be strictly construed and enforced. 44 C.F.R. § 61.13(d); Wright I, 415 F.3d at 387; Gowland, 143 F.3d at 953-954. See also Forman v. FEMA, 138 F.3d 543, 545 (5th Cir.1998).

Although SFIP proceeds can be issued by a WYO insurance provider directly to consumers, "[p]ayments on SFIP claims come ultimately from the federal treasury."[1] Wright I, 415 F.3d at 386; See also Gowland, 143 F.3d at 953. Because the federal treasury is implicated in the payment of flood claims, the provisions of a SFIP must be strictly construed and enforced. See Forman, 138 F.3d at 545. Therefore, "[w]here federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds." Wright I, 415 F.3d at 388 (citing Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc., 104 S.Ct. 2218, 2226 (1984)). Because the provisions of the SFIP are strictly enforced, "an insured's failure to provide a complete, sworn proof of loss statements, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." Gowland, 143 F.3d at 953.

Under 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4), the SFIP provides the following proof of loss requirement:

---

[1] FEMA regulations for the NFIP provide that "loss payments" shall be payable from federal funds. 44 C.F.R. pt. 62, app. A, art. III(D)(2) ("Loss payments include payments as a result of litigation that arises under the scope of this Arrangement [between WYOs and the federal government], and the Authorities set forth herein."). "Under the Appropriations Clause of the Constitution, '[m]oney may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute.'" Wright I, 415 F.3d at 387 (quoting Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 424, 110 S.Ct. 2465, 2471, 110 L.Ed.2d 387, 399 (1990)).

Within 60 days after the loss,[2] send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:

a. The date and time of loss;

b. A brief explanation of how the loss happened;

c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;

d. Details of any other insurance that may cover the loss;

e. Changes in title or occupancy of the covered property during the term of the policy;

f. Specifications of damaged buildings and detailed repair estimates;

g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;

h. Details about who occupied any insured building at the time of the loss and for what purpose; and

I. The inventory of damaged personal property described in J.3. above.

It is undisputed that plaintiffs submitted a signed, sworn proof of loss in the amount of $39,216.83 on November 10, 2012, and ANPAC paid that claim. Plaintiffs claim that they sent a supplemental proof of loss to ANPAC signed on October 23, 2012, along with an adjustor's report seeking additional payments under their flood policy. ANPAC claims that it never received the October 23, 2012, proof of loss. ANPAC also argues that even if it did receive the alleged supplemental proof of loss it does not satisfy the SFIP's proof of loss requirement because it has

---

[2] After Hurricane Isaac, FEMA extended the Proof of loss deadline to 240 days after the loss. See FEMA W-13014, dated March 19, 2013.

numerous defects. Indeed, the October 23, 2012, proof of loss, lists Geovera Specialty Insurance as

the insurer, the wrong policy number, the wrong effective dates, the wrong deductible and claims

that there is contents coverage, which plaintiffs did not have on their flood policy.

     In <u>Dickson v. Am. Bankers Ins. co. of Fla.</u>, 739 F.3d 397, 400 (8th Cir. 2014), the United

States Court of Appeals for the Eighth Circuit held that:

> the proof of loss requirement is a regulatory limit on the disbursement
> of funds through a federal insurance program; as such it is to be
> strictly construed [for it] serves as a condition precedent to recovery
> under the SFIP. [Thus], a signed and sworn proof of loss claims only
> the amounts listed in those forms, and the insured must timely file an
> additional proof of loss to claim any additional amount of money.

<u>See</u> <u>also</u> <u>Kidd v. State Farm Fire & Cas. Co.</u>, 392 Fed. Appx. 241, 243-44 (5th Cir. 2010) (insured

could not recover on a supplemental claim because they submitted a signed adjustor's estimate for

a supplemental claim that was not sworn by them); <u>Bechtel v. Lighthouse Prop. Ins. Co.</u>, 2014 WL

1389631, at * 3 (E.D. La. April 1, 2014) (Engelhardt, J.) (The great weight of authority holds that

the insureds were required to submit a timely signed, sworn proof of loss to support a supplemental

claim). Because the proof of loss plaintiffs allegedly sent to ANPAC on October 23, 2012, states

the wrong insurance company, policy number, policy period, deductible and coverages, it does not

properly inform ANPAC of a claim under the flood insurance policy and does not comply with the

SFIP's proof of loss requirement. The court finds that plaintiffs did not comply with the proof of

loss requirement regarding their supplemental claim. Thus, ANPAC's motion for summary judgment

is GRANTED, and plaintiffs' claim against it is DISMISSED WITH PREJUDICE.

**CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant,

American National Property and Casualty Company (Doc. #18) is **GRANTED**, and plaintiffs' claim

against it is **DISMISSED WITH PREJUDICE**.


New Orleans, Louisiana, this __16th__ day of September, 2014.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**